UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY POLICE DEPARTMENT,<br><br>Defendant. | No.  2:15-cv-1622 TLN GGH PS<br><br><br><br>ORDER |

   Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

   Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

   The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6       A complaint must contain more than a "formulaic recitation of the elements of a cause of
7  action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
13 v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
14 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
15 the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
16 Id.

17      Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
18 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
19 Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
20 proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
21 See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22      The complaint is very difficult to decipher as the handwriting is almost illegible, but it
23 appears to allege that the Sacramento Police Department "denied" plaintiff's 911 phone call,
24 specifically one where plaintiff was assaulted on July 9, 2015.  At this incident, the complaint
25 appears to allege that while he was at a 7-11 Store, a prison gang member "kited the plaintiff in
26 my right leg where blood clots form, so the pro se plaintiff telephone 911 regarding the
27 assault…."  After arriving at the scene, the police did not arrest the perpetrator but let him go
28 after questioning him.  ECF No. 1 at 2-3.  Plaintiff further alleges that when he requested a

paramedic for his leg, the officer refused, but told him to walk to Sutter General Hospital. Id. at 4. The cover page of the complaint lists 42 U.S.C. § 1983 as the basis. Id. at 1. The complaint seeks monetary damages.

The complaint is not only difficult to read, but it is vague and rambling. It does not allege sufficient facts from which the court can draw a reasonable inference that a constitutional violation of some sort occurred. Other than listing 42 U.S.C. § 1983 in the caption of the complaint, plaintiff does not identify a particular constitutional right that was purportedly violated. Although less stringent examination is afforded pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), simple reference to federal law does not create subject matter jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject matter jurisdiction is created only by pleading a cause of action that is within the court's original jurisdiction. Id.

Plaintiff claims that a gang member "kited" him; however, that word is unknown to the court, and as a slang term carries numerous meanings. The facts as currently alleged render it impossible to determine whether this gang member committed a crime that warranted an arrest. The complaint is also confusing in failing to allege whether plaintiff actually suffered blood clots or if it was merely possible that blood clots would form. See ECF No. 1 at 3. Therefore, based on the facts as alleged it is unclear whether plaintiff's medical condition warranted an ambulance or emergency care. It is also far from clear whether plaintiff is attempting to sue the individual officers involved as he has not identified them by name, the Sacramento Police Department, or both.

In light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a 42 U.S.C. § 1983 claim, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there

1  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
2  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
3  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
4  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board
5  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
7  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  This is because, as a
9  general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana,
10  Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa
11  County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint,
12  the original pleading no longer serves an operative function in the case.  Therefore, in an
13  amended complaint, as in an original complaint, each claim and the involvement of each
14  defendant must be sufficiently alleged.

15     The amended complaint must also clearly identify the type of claim(s) brought; and shall
16  be typed or written in legible handwriting.

17     Good cause appearing, IT IS ORDERED that:

18     1. Plaintiff's request for leave to proceed in forma pauperis is granted.

19     2. Plaintiff's complaint is dismissed for the reasons discussed above, with leave to file an
20  amended complaint within twenty-eight (28) days from the date of service of this Order.  The
21  amended complaint must comply with the requirements of the Federal Rules of Civil Procedure,
22  and the Local Rules of Practice; the amended complaint must bear the docket number assigned
23  this case and must be labeled "Amended Complaint;" failure to file an amended complaint will
24  result in a recommendation that this action be dismissed.

25  Dated: October 6, 2015

26                    /s/ Gregory G. Hollows
27              UNITED STATES MAGISTRATE JUDGE

28  GGH:076/Tanksley1622.amd